**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JEAN A. WEATHERS,        )                                            | |
|         Plaintiff,                )  | |
| vs.                                                )  | No. 3:15-CV-4072-L (BH) |
|                                                       )  | |
| BANK OF AMERICA,                   )  | |
|         Defendant.             )  | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for pretrial management. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed December 28, 2015 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I.  BACKGROUND**

On December 28, 2015, the plaintiff filed suit against defendant and a motion to proceed *in forma pauperis*. (docs. 3, 5.) By order dated December 29, 2015, the Court found that the plaintiff had enough assets with which to pay the $400 filing fee, and gave her fourteen days to pay it. (doc. 6.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. (*Id.*) More than fourteen days have passed, but the plaintiff has not paid the fee or filed anything else in this case.

**II.  IN FORMA PAUPERIS**

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the

filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The plaintiff's application includes income and asset information for her and her spouse. It reflects combined monthly income in the amount of $2453. (doc. 5.) In assessing a plaintiff's financial ability, courts may consider the total monetary resources available to the plaintiff, and "it is appropriate to consider a spouse's income." *Muhammad v. Louisiana Attorney Disciplinary Board, et al.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see e.g., Montiel v. Wyndham Anatole Hotel,* No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and & $700 in a bank account); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F. Supp. 120, 1202 (D.P.R. 1982) (court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer,* 455 F. Supp. 205, 209 (D. Md. 1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . ."). The plaintiff claims average monthly household expenses of $1,701 per month, and her application reflects monthly income of $752 in excess of these expenses. She also has $500 in a bank account. Plaintiff has not shown that payment of the filing fee will result in "undue financial hardship." Based on the information in the application, the plaintiff has sufficient monetary resources available to pay the $400 filing and administrative fees, and the application to proceed *in forma pauperis* should therefore be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  By order dated December 29, 2015, the plaintiff was given fourteen days to pay the filing fee.  (doc. 6.)  She was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed.  Because she failed to comply with an order that she pay the filing fee and has not filed anything else, this case should be dismissed for failure to prosecute or follow an order of the court to pay the filing fee.

### IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless she pays the filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 12th day of February, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4